**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: Michelle Monick Bunn, | : | Case No. 2:07-cv-1206 |
| Debtor, | : | JUDGE GRAHAM |
| | : | Chapter 11 |
| | : | Judge Hoffman (Case No. 05-68835) |
| _____ | | |
| Argent Mortgage Co., LLC, | : | |
| | : | |
| Appellant-Defendant, | : | |
| v. | : | Adv. Pro. No. 06-2232 |
| | : | |
| William Todd Drown, Chapter 7 Trustee, | : | |
| Appellee-Plaintiff. | : | |

OPINION AND ORDER

Argent Mortgage Co., LLC brings this appeal of the bankruptcy court's September 29, 2007 order holding that the Chapter 7 Trustee could avoid a mortgage between the debtor and Argent. Debtor Michelle Bunn executed the mortgage in favor of Argent for her residence in Powell, Ohio. The recorded mortgage provided a parcel identification number and street address, but it did not contain a legal description of the real property it encumbered. The bankruptcy court held that without a legal description, the recorded mortgage did not give constructive notice of the encumbrance to the Trustee, who assumed the status of a hypothetical, bona fide purchaser.

For the reasons stated below, the bankruptcy court's decision

is reversed.

## I.   Jurisdiction and Standard of Review

This Court has jurisdiction to hear bankruptcy appeals under 28 U.S.C. §158(a).  A bankruptcy court's findings of fact must be upheld unless clearly erroneous.  In re Downs, 103 F.3d 472, 476-77 (6th Cir. 1996); In re Southern Indus. Banking Corp., 809 F.2d 329, 331 (6th Cir. 1987); see also Bankr. R. 8013.  A bankruptcy court's conclusions of law are reviewed de novo.  Downs, 103 F.3d at 476-77; Stephens Indus. Corp., Inc. v. McClung, 789 F.2d 386, 389 (6th Cir. 1986).

## II.  Background

### A.   Facts

The following recitation of facts is drawn from the bankruptcy court's order.  The facts are not disputed.

Debtor Michelle Bunn is the owner in fee simple of a residence located at 8707 Shear Drive, Powell, Ohio.  A general warranty deed transferring the property from P&D Builders, Inc. to Bunn and her former husband was executed on August 18, 1995 and was recorded on August 22, 1995.  The deed contained a legal description of the property, stating that it was "[s]ituated in the State of Ohio, County of Franklin and in the City of Columbus: Being Lot Number Seven Hundred Thirty One (731) in the Smoky Ridge Estates Subdivision Section 6, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 59, pages 32 and 33, Recorder's Office, Franklin County, Ohio."

On December 15, 2004, Michelle Bunn executed and delivered to Argent a mortgage to secure payment of a $90,000 loan.  The mortgage was accompanied by an adjustable rate rider.  The mortgage

was recorded on December 27, 2004 in the offices of the Franklin County, Ohio Recorder.

The section of the mortgage captioned "Transfer of Rights in the Property," states in relevant part:

> Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of Franklin: Legal Description Attached Hereto and Made a Part Hereof:
>
> [Blank area]
>
> Parcel ID Number: 610-190884 which currently has the address of 8707 Shear Drive, Powell, Ohio 43065.

It is undisputed that the mortgage contained no legal description of the property, and a legal description was not attached. The mortgage made no reference to the deed, a map, or any other instrument that contained a legal description.

Michelle Bunn filed a Chapter 7 voluntary petition on September 29, 2005. At the time of filing, she was the owner in fee simple of the real property located at 8707 Shear Drive, Powell, Ohio. On her bankruptcy schedules, she listed her ownership interest in the real property and reported Argent Mortgage as the holder of the first mortgage on the property.

### B.   Decision Below

The Trustee initiated an adversary proceeding against Argent in bankruptcy court. The Trustee's complaint alleged that the mortgage was not perfected because it lacked a legal description of the property owned by the debtor. The complaint asserted a claim that the mortgage was avoidable by the bankruptcy estate under 11 U.S.C. § 544(a)(3).

The matter was put before the bankruptcy court on cross-motions for summary judgment, and the court ruled for the Trustee. The court first observed that the mortgage was valid as between the debtor and Argent under Ohio law, but noted that this was a separate issue from whether the Trustee could avoid the mortgage. The court found that under the Bankruptcy Code, the Trustee is given the status of a hypothetical, bona fide purchaser for value. The issue, then was whether the mortgage, as recorded, sufficiently gave constructive notice of the land that was being burdened to a bona fide purchaser.  The court found that it did not:

> [T]he Court agrees with the Trustee that something more than the street address and permanent parcel number is necessary to provide constructive notice of the Mortgage to a hypothetical, good-faith purchaser for value.  This is so because even if a third party had record notice of the existence of this Mortgage, neither the parcel number nor the street address, nor both together, would lead that third party to discover precisely what property is covered by the Mortgage.  Both a street address and a permanent parcel number may refer to a geographic area that contains more or less property than what the mortgagor intended to encumber.

Sept. 29, 2007 Opinion and Order, pp. 13-14.  Because the mortgage did not provide constructive notice, the court concluded that the Trustee could avoid the mortgage.

## III. Discussion

Section 544(a)(3) of the Bankruptcy Code provides that the trustee has the rights and powers of the debtor and "may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer

4

at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3). Thus, a trustee is given the status of a hypothetical, bona fide purchaser for value without knowledge of any prior lien, and the trustee may avoid any transfer of real property that would have been unenforceable against a bona fide purchaser of the property at the time a bankruptcy petition was filed. See In re Cook, 457 F.3d 561, 566 (6th Cir. 2006) ("Pursuant to 11 U.S.C. § 544, a bankruptcy trustee is considered a bona fide purchaser of the debtor's real estate and may therefore avoid certain obligations placed on the property that are voidable under state law."); In re Huffman, 408 F.3d 290, 293 (6th Cir. 2005). The Bankruptcy Code provides that a bankruptcy trustee is a bona fide purchaser regardless of actual knowledge. 11 U.S.C. § 544(a); see also In re Zaptocky, 250 F.3d 1020, 1027 (6th Cir. 2001).

A court should look to state law to determine who qualifies as a bona fide purchaser. See In re Cook, 457 F.3d at 566; In re Michigan Lithographing Co., 997 F.2d 1158, 1159 (6th Cir. 1993) ("State law governs who may be a bona fide purchaser.") (citing cases). Under Ohio law, a bona fide purchaser is "one who takes in good faith, for value, and without actual or constructive notice of any defect." In re Little Key, 292 B.R. 879, 883 (Bankr. S.D. Ohio 2003)(citing Shaker Corlett Land Co. v. City of Cleveland, 139 Ohio St. 536, 41 N.E.2d 243, 246 (Ohio 1942)). "[A] bona fide purchaser for value is bound by an encumbrance upon land only if he has constructive knowledge of the encumbrance." Tiller v. Hinton, 19 Ohio St.3d 66, 68, 482 N.E.2d 946, 949 (Ohio 1985). Where there is a recording statute – as there is in Ohio, see Ohio Revised Code

5

§5301.25(A) – "a subsequent purchaser of land is charged with constructive knowledge of the contents of an instrument recorded under R.C. 5301.25(A)." Thames v. Asia's Janitorial Serv., Inc., 81 Ohio App.3d 579, 588, 611 N.E.2d 948, 953-54 (Ohio Ct. App. 1992) (citing cases). "The 'contents' of such a recorded instrument include recitals or disclosures therein as to outstanding rights in the property even though not created by that instrument." Id.

It is important to note that "'the trustee's right as a bona fide purchaser does not override state recording statutes and permit avoidance of any interest of which a trustee would have had constructive notice under state law. Thus, a trustee generally can avoid an unrecorded transfer of land, but not after having been put on constructive notice or inquiry of a prior claim.'" In re Pak Builders, 284 B.R. 663, 677 (Bankr. C.D. Ill. 2002) (quoting 5 Collier on Bankruptcy ¶ 544.08 (15th Ed. Rev. 1997)) (footnotes and citations omitted).

Here, the Trustee is charged under Ohio law with constructive notice of the recorded Argent mortgage. The bankruptcy court emphasized the lack of a legal description in the mortgage as determinative in establishing that the mortgage did not provide constructive notice of the extent of the land being encumbered. But this Court finds that the bankruptcy court erred by failing to consider whether the inclusion of a street address and parcel identification number in the recorded mortgage was sufficient to put a bona fide purchaser on inquiry notice as to the existence of an encumbrance on the debtor's property. A bona fide purchaser has a duty to make a reasonable inquiry when an irregularity or a

6

suspicious circumstance is apparent on the recorded instrument.  <u>In</u> <u>re Costell</u>, 75 B.R. 348, 353 (N.D. Ohio 1987) (duty arises when there appears on the recorded document an "irregularity" or inconsistency" that would cause purchaser of ordinary prudence to make an inquiry); <u>see</u> <u>also</u> <u>In re Pak Builders</u>, 284 B.R. at 678 (duty of inquiry arises when "there is an error apparent on the face of the instrument and of such a character as to lead a purchaser of ordinary prudence to make inquiry").  "Under Ohio law, a duty to inquire will arise after notice of facts which would put person of ordinary prudence on inquiry.  This 'inquiry notice' can [a]ffect the Trustee's § 544(a)(3) avoidance powers."  <u>In re</u> <u>Costell</u>, 75 B.R. at 353 (citing cases); <u>see</u> <u>also</u> <u>In re Farley</u>, 387 B.R. 751, 756 (Bankr. S.D. Ohio 2008).

The Argent mortgage contained the type of irregularity that is sufficient to put a bona fide purchaser on inquiry notice.  A person of ordinary prudence reviewing the Argent mortgage would see the irregularity of having an empty space for the legal description while having the street address and parcel identification number included.  A person of ordinary prudence would take notice of the existence of an encumbrance on the property at 8707 Shear Drive, Powell, Ohio and would inquire further as to the extent of the encumbrance.  <u>See</u> <u>Rhoden v. Akron</u>, 61 Ohio App.3d 725, 728, 573 N.E.2d 1131, 1132 (Ohio Ct. App. 1988) ("A person has no right to shut his eyes or his ears to avoid information, and then say that he has not been given any notice."); <u>In re Farley</u>, 387 B.R. at 756 (finding that notation on title was enough to put bankruptcy trustee on inquiry notice that a lien existed).

"The duty to inquire . . . operates as notice of all facts

that a reasonably diligent inquiry would disclose." In re Costell, 75 B.R. at 353 Id. (citing McClean v. Bradley, 282 F. 1011, aff'd 299 F. 379, cert. den. 266 U.S. 619, 45 S.Ct. 98, 169 L.Ed. 471 (D. Ohio 1922); Kernohan v. Durham, 48 Ohio St. 1, 8, 26 N.E. 982 (1891); 72 O.Jur.3d Notice and Notices § 15); see also In re Pak Builders, 284 B.R. at 678 (once on inquiry notice, a person of ordinary prudence is chargeable with knowledge of facts that diligent inquiry would reveal).  Here, a reasonably diligent inquiry would have readily shown that the encumbrance was against a residential lot.  This is not a situation where the mortgage lacked any piece of information that would connect the mortgage to the land being encumbered.  The mortgage gave two pieces of identifying information:  the street address and the parcel identification number.  While the bankruptcy court stressed that a street address may refer to a geographic area containing more or less property than the mortgage actually encumbers, that is ordinarily not the case with a residential lot.  A person of ordinary prudence would find that the Argent mortgage encumbered a residential lot and would conclude that the mortgage likely encumbered the entire lot.  Thus, a bona fide purchaser is charged with constructive notice of Argent's mortgage interest in the debtor's property at 8707 Shear Drive, Powell, Ohio, and the Trustee may not avoid that interest.

## IV.  Conclusion

Accordingly, Argent's appeal is GRANTED, the bankruptcy court's September 29, 2007 order is REVERSED, and this matter is

8

REMANDED for proceedings consistent with this decision.


                                        s/ James L. Graham
                                        JAMES L. GRAHAM
                                        United States District Judge

DATE: September 30, 2008